TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Enron Corp., *et al.*
Debtors and Debtors-in-Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Scott E. Ratner (SR-0015)
Frank A. Oswald (FAO-1223)
Neil Berger (NB-3599)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:

ENRON CORP., *et al.*,

                      Debtors.

------------------------------------------------------------x

ENRON CORP.,

                      Plaintiff,

      - against -

CITIBANK, N.A., CITIGROUP
GLOBAL MARKETS, INC. (formerly
SALOMON SMITH BARNEY, INC.),
J.P. MORGAN CHASE BANK and
J.P. MORGAN SECURITIES, INC.,

                    Defendants.

------------------------------------------------------------x

Chapter 11

Case No. 01-16034 [AJG]

Jointly Administered

Adv. Pro. No. 03/    [AJG]

## COMPLAINT TO AVOID AND RECOVER TRANSFERS

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

      Enron Corp. ("Enron"), the plaintiff and debtor in possession, by its bankruptcy co-counsel, Togut, Segal & Segal LLP, as and for its complaint against Citbank,

N.A. ("Citibank"), Citigroup Global Markets, Inc. (formerly Salomon Smith Barney, Inc.) ("SSB"), J.P. Morgan Chase Bank ("J.P. Morgan") and J.P. Morgan Securities, Inc. ("JPM Securities", and together with Citibank, SSB and J.P. Morgan, the "Defendants"), alleges the following on knowledge as to itself and its own acts and otherwise upon information and belief:

## INTRODUCTION

1. On December 2, 2001 (the "Petition Date"), Enron filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

2. Enron continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Between November 1 and November 30, 2001, Enron paid over $32 million to the Defendants, thereby unfairly enriching them at the expense of Enron's other creditors and in violation of the Bankruptcy Code. Enron brings this adversary proceeding to recover such payments.

## JURISDICTION, VENUE AND PARTIES

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

5. Enron brings this adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and seeks relief under sections 502, 541, 542, 547, 548 and 550 of the Bankruptcy Code. A schedule identifying certain transfers (the "Transfers") that were made by Enron to Defendants totaling $32,258,943.46 that Enron seeks to recover is annexed as Exhibit "1".

6. Enron is a corporation organized under the laws of Oregon with its principal place of business at 1400 Smith Street, Houston, Texas.

7. Upon information and belief, Defendant Citibank is a nationally chartered bank and is the principal bank subsidiary of Citigroup Inc., with its principal place of business at 399 Park Avenue, New York, New York 10043.

8. Upon information and belief, Defendant SSB is a New York corporation with its principal place of business at 388 Greenwich Street, New York, New York 10013. SSB is also a Citigroup Inc. subsidiary.

9. Upon information and belief, Defendant J.P. Morgan is a nationally chartered bank and a wholly owned subsidiary of J.P. Morgan Chase & Co., with its principal place of business at 270 Park Avenue, New York, New York 10017.

10. Upon information and belief, Defendant JPM Securities is a wholly owned subsidiary of J.P. Morgan Chase & Co., with its principal place of business at 270 Park Avenue, New York, New York 10017

### BACKGROUND

11. On or about October 31, 2001, J.P. Morgan Securities, Inc. ("JPM Securities"), SSB and Enron entered into a letter agreement (the "Agreement") under which JPM Securities and SSB agreed to provide certain financial advisory and investment banking services to Enron on an exclusive basis for an initial term of 18 months. The Agreement provided for Enron to pay an initial fee of $15 million (the "Engagement Fee") to each of JPM Securities and SSB.

12. The Agreement provided that the Engagement Fee was payable in one-third increments to each of the advisors. The first $5 million was due upon execution of the Agreement, the next $5 million was due 30 days from the date of the Agreement and the last $5 million was due 90 days from the date of the Agreement.

13. Enron paid the first $5 million installment to SSB on or about November 1, 2001 (the "November 1 SSB Transfer").

14. Enron paid the first $5 million installment due to JPM Securities to J.P. Morgan on or about November 1, 2001 (the "November 1 JPM Transfer").

15. In addition to the Engagement Fee, the Agreement provided for a "Strategic Transaction Fee" to be paid in connection with any transaction for which SSB or J.P. Morgan acted as exclusive (or co-exclusive with the other) financial advisor to Enron.

16. The amount of the Strategic Transaction Fee was to be determined by a formula based upon the value of a transaction.

17. In early November, Enron and Dynegy Corp. ("Dynegy") entered into an agreement in principle to merge Enron into Dynegy. The parties purportedly valued the transaction at approximately $36.3 billion. Upon information and belief, SSB and JPM Securities asserted that they were each owed a Strategic Transaction Fee under the Agreement for arranging the Enron-Dynegy merger.

18. On or about November 12, 2001, SSB sent an invoice (the November 12 Invoice") to Enron in the amount of $8,629,471.73, for the portion of the Strategic Transaction Fee that was purportedly due to SSB upon the announcement of the proposed merger with Dynegy.

19. On or about November 28, 2001, Enron announced publicly that it was temporarily suspending all payments to third parties other than those necessary to maintain core operations. Enron's announcement indicated that the suspension in payments was prompted by the decision of various rating agencies to downgrade Enron's long-term debt, and the decision by Dynegy to withdraw from its proposed merger with Enron.

20. Immediately prior to Enron's announcement, on November 26, 2001 Enron paid J.P. Morgan the sum of $8,629,471.73 (the "November 26 JPM Transfer", and together with the November 1 JPM Transfer, the "JPM Transfers"), for the portion of the Strategic Transaction Fee that was purportedly due to JPM Securities upon the announcement of the proposed merger with Dynegy.

21. Immediately prior to Enron's announcement, on November 27, 2001 Enron paid SSB the sum of $8,629,471.73 (the "November 27 SSB Transfer", and together with the November 1 SSB Transfer, the "SSB Transfers"), purportedly on account of the November 12 Invoice.

22. On November 30, 2001, Citibank debited an Enron bank account maintained at Citibank (account #00076486) twice, in the amounts of $5 million and $134,025.26 (the "Citibank Transfers"), which sums were purportedly debited by Citibank on account of sums allegedly due and owing by Enron to SSB under the Agreement.

**FIRST CAUSE OF ACTION**
**(Against Citibank for Turnover Under**
**Sections 541 and 542 of the Bankruptcy Code)**

23. Enron repeats and incorporates the allegations in paragraphs 1 through 22 of this Complaint.

24. Citibank is in possession of $5,134,025.26 in funds, which Enron may use under section 363 of the Bankruptcy Code.

25. Citibank was not a party to the Agreement and was not entitled to receive the Citibank Transfers.

26. By virtue of the foregoing, and pursuant to section 542 of the Bankruptcy Code, Citibank should be ordered to account for and turn over the value of the Citibank Transfers, plus interest.

## SECOND CAUSE OF ACTION
### (Against Citibank for Conversion)

27. Enron repeats and incorporates the allegations set forth in paragraphs 1 through 26 of this Complaint.

28. Citibank, without right or entitlement, wrongfully demanded, accepted and retained the Citibank Transfers. Citibank's actions constitute conversion of Enron's property.

29. As a result of this conversion, Enron seeks to recover all its direct and consequential damages proximately caused by the conversion and provable at trial, including without limitation, recovery of the value of the Citibank Transfers, plus interest.

## THIRD CAUSE OF ACTION
### (Against Defendants to Avoid and Recover Preferential Transfers Under Sections 547(b) and 550(a) of the Bankruptcy Code)

30. Enron repeats and incorporates the allegations contained in paragraphs 1 through 29 of this Complaint.

31. Enron made the SSB Transfers to SSB within 90 days prior to the Petition Date.

32. Enron made the Citibank Transfers to Citibank within 90 days prior to the Petition Date.

33. Enron made the JPM Transfers to J.P. Morgan within 90 days prior to the Petition Date.

34. Enron made the SSB Transfers to SSB for its own benefit.

35. Upon information and belief, the Citibank Transfers were made to Citibank for the benefit of SSB.

36. Upon information and belief, the JPM Transfers were made to J.P. Morgan for the benefit of JPM Securities.

6

37. The Transfers constitute transfers of interests in property of Enron.

38. Enron made the Transfers for, or on account of, antecedent debts owed by Enron to the Defendants.

39. Upon information and belief, Enron was insolvent when the Transfers were made.

40. The Transfers improperly preferred the Defendants over Enron's other general unsecured creditors and enabled the Defendants to receive more than they would have received if: (i) Enron's case was administered under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendants had received payment to the extent provided by the Bankruptcy Code.

41. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and, in accordance with section 550(a) of the Bankruptcy Code, Enron may recover from the Defendants the amount of the Transfers, plus interest.

**FOURTH CAUSE OF ACTION**
**(Against J.P. Morgan for Turnover Under**
**Sections 541 and 542 of the Bankruptcy Code)**

42. Enron repeats and incorporates the allegations in paragraphs 1 through 41 of this Complaint.

43. J.P. Morgan is in possession of $13,629,471.73 in funds, which Enron may use under section 363 of the Bankruptcy Code.

44. J.P. Morgan was not a party to the Agreement and was not entitled to receive the JPM Transfers.

45. By virtue of the foregoing, and pursuant to section 542 of the Bankruptcy Code, J.P. Morgan should be ordered to account for and turn over the value of the JPM Transfers, plus interest.

## FIFTH CAUSE OF ACTION
### (Against J.P. Morgan for Conversion)

46. Enron repeats and incorporates the allegations set forth in paragraphs 1 through 45 of this Complaint.

47. J.P. Morgan, without right or entitlement, wrongfully demanded, accepted and retained the JPM Transfers. J.P. Morgan's actions constitute conversion of Enron's property.

48. As a result of this conversion, Enron seeks to recover all its direct and consequential damages proximately caused by the conversion and provable at trial, including without limitation, recovery of the value of the JPM Transfers, plus interest.

## SIXTH CAUSE OF ACTION
### (Against Citibank to Avoid and Recover Fraudulent Transfers Under Sections 548(a)(1)(B) and 550(a) of the Bankruptcy Code)

49. Enron repeats and incorporates the allegations contained in paragraphs 1 through 48 of this Complaint.

50. Enron made the Citibank Transfers to Citibank within one year prior to the Petition Date.

51. The Citibank Transfers constitute transfers of interests in property of Enron.

52. Enron was not indebted to Citibank under the Agreement.

53. Enron received less than a reasonably equivalent value from Citibank in exchange for the Citibank Transfers.

54. Upon information and belief, Enron was insolvent on the date of the Citibank Transfers, was engaged in business for which any property remaining with Enron was an unreasonably small capital, or intended or believed that it would incur debts beyond its ability to pay as such debts matured.

8

55. Based upon the foregoing, the Citibank Transfers constitute avoidable fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code and, in accordance with section 550(a) of the Bankruptcy Code, Enron may recover from Citibank the amount of the Citibank Transfers, plus interest.

### SEVENTH CAUSE OF ACTION
### (Against J.P. Morgan to Avoid and Recover Fraudulent Transfers Under Sections 548(a)(1)(B) and 550(a) of the Bankruptcy Code)

56. Enron repeats and incorporates the allegations contained in paragraphs 1 through 55 of this Complaint.

57. Enron made the JPM Transfers to J.P. Morgan within one year prior to the Petition Date.

58. The JPM Transfers constitute transfers of interests in property of Enron.

59. Enron was not indebted to J.P. Morgan under the Agreement.

60. Enron received less than a reasonably equivalent value from J.P. Morgan in exchange for the JPM Transfers.

61. Upon information and belief, Enron was insolvent on the dates of the JPM Transfers, was engaged in business for which any property remaining with Enron was an unreasonably small capital, or intended or believed that it would incur debts beyond its ability to pay as such debts matured.

62. Based upon the foregoing, the JPM Transfers constitute avoidable fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code and, in accordance with section 550(a) of the Bankruptcy Code, Enron may recover from J.P. Morgan the amount of the JPM Transfers, plus interest.

## EIGHTH CAUSE OF ACTION
### (Against SSB to Avoid and Recover Fraudulent Transfers
### Under Sections 548(a)(1)(B) and 550(a) of the Bankruptcy Code)

63. Enron repeats and incorporates the allegations contained in paragraphs 1 through 62 of this Complaint.

64. Enron made the SSB Transfers to SSB within one year prior to the Petition Date.

65. The SSB Transfers constitute transfers of interests in property of Enron.

66. Enron received less than a reasonably equivalent value from SSB in exchange for the SSB Transfers.

67. Upon information and belief, Enron was insolvent on the dates of the SSB Transfers, was engaged in business for which any property remaining with Enron was an unreasonably small capital, or intended or believed that it would incur debts beyond its ability to pay as such debts matured.

68. Based upon the foregoing, the SSB Transfers constitute avoidable fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code and, in accordance with section 550(a) of the Bankruptcy Code, Enron may recover from SSB the amount of the SSB Transfers, plus interest.

## NINTH CAUSE OF ACTION
### (Disallowance of Claims Under
### Section 502(d) of the Bankruptcy Code)

69. Enron repeats and incorporates the allegations in paragraphs 1 through 68 of this Complaint.

70. The Defendants are the transferees of transfers that are avoidable under sections 547(b) or 548(a)(1) of the Bankruptcy Code, the value of which are recoverable by Enron pursuant to section 550 of the Bankruptcy Code.

71. The Defendants may have filed one or more proofs of claim against Enron.

72. Based upon the foregoing, such proofs of claim must be disallowed pursuant to section 502(d) of the Bankruptcy Code.

73. An order should be entered granting judgment in favor of Enron, disallowing and expunging such proofs of claim, and any other claims made by or on behalf of the Defendants in this case.

**WHEREFORE**, Enron respectfully requests entry of judgment as follows:

a. on the first and second causes of action, ordering Citibank to immediately account for and turn over to the Enron estate the amount of the Citibank Transfers, together with interest on such amount from the date of the Citibank Transfers;

b. on the third cause of action, avoiding and setting aside the Transfers pursuant to section 547(b) of the Bankruptcy Code, awarding Enron judgment in an amount equal to the Transfers and directing the Defendants to immediately pay Enron an amount equal to the Transfers pursuant to section 550(a) of the Bankruptcy Code, together with interest on such amount from the dates of the Transfers;

c. on the fourth and fifth causes of action, ordering J.P. Morgan to immediately account for and turn over to the Enron estate the amount of the JPM Transfers, together with interest on such amount from the date of the JPM Transfers;

d. on the sixth cause of action, avoiding and setting aside the Citibank Transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code, awarding Enron judgment in an amount equal to the Citibank Transfers and directing Citibank to immediately pay Enron an amount equal to the Citibank Transfers pursuant to section 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the Citibank Transfers;

e. on the seventh cause of action, avoiding and setting aside the JPM Transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code, awarding Enron judgment in an amount equal to the JPM Transfers and directing J.P. Morgan to immediately pay Enron an amount equal to the JPM Transfers pursuant to section 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the JPM Transfers;

    f.      on the eighth cause of action, avoiding and setting aside the SSB Transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code, awarding Enron judgment in an amount equal to the SSB Transfers and directing SSB to immediately pay Enron an amount equal to the SSB Transfers pursuant to section 550(a) of the Bankruptcy Code, together with interest on such amount from the dates of the SSB Transfers;

    g.      on the ninth cause of action, disallowing and expunging any proofs of claim, and any other claims in favor of the Defendants in the chapter 11 case of Enron, if Defendants refuse to turn over the amount of the Transfers, pursuant to section 502(d) of the Bankruptcy Code;

    h.      awarding Enron its attorneys' fees, costs and other expenses incurred in this action;  and

    i.      granting Enron such other and further relief as the Court considers appropriate.

Dated:  New York, New York
           November 11, 2003

                                    ENRON NORTH AMERICA
                                    Debtor in Possession and Plaintiff,
                                    By its Bankruptcy Co-Counsel,
                                    TOGUT, SEGAL & SEGAL LLP
                                    By:

                                    /s/Scott E. Ratner
                                    FRANK A. OSWALD (FAO-1223)
                                    NEIL BERGER (NB-3599)
                                    SCOTT E. RATNER (SER-0015)
                                    Members of the Firm
                                    One Penn Plaza, Suite 3335
                                    New York, New York  10119
                                    (212) 594-5000

# EXHIBIT 1

ENRON CORP.

vs.

CITIBANK, N.A., CITIGROUP
GLOBAL MARKETS, INC. (formerly
SALOMON SMITH BARNEY, INC.)
and J.P. MORGAN CHASE BANK

**Transfers to Citibank and SSB**

| Date of Transfer | Check No. / Wire Transfer | Amount |
|---|---|---|
| 11/01/01 | Wire transfer | $5,000,000.00 |
| 11/27/01 | Wire transfer | $8,629,471.73 |
| 11/30/01 | Wire transfer | $5,000,000.00 |
| 11/30/01 | Wire transfer | $134,025.26 |
| | *Subtotal:* | $18,763,496.99 |

**Transfers to J.P. Morgan**

| Date of Transfer | Check No. / Wire Transfer | Amount |
|---|---|---|
| 11/01/01 | Wire transfer | $5,000,000.00 |
| 11/26/01 | Wire transfer | $8,629,471.73 |
| | *Subtotal:* | $13,629,471.73 |
| | Total: | $32,258,943.46 |